**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

STEVEN CATHEY                                                                         MOVANT

V.                                                                         NO.: 1:13CR6-MPM

UNITED STATES OF AMERICA                                                         RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Steven Cathey, a federal prisoner, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has submitted a response to Cathey's motion. Having considered the pleadings and the record, including the relevant parts of Cathey's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that Cathey's § 2255 motion should be denied.

**Relevant History**

On June 5, 2013, Steven Cathey pleaded guilty to a controlled substance offense. ECF No. 67. Prior to sentencing, the United States Probation Service determined Cathey should be designated as a Career Offender under United States Sentencing Guideline ("Guideline") Section 4B1.1, based on the fact that Cathey had pleaded guilty to a controlled substance offense in this case and had two prior convictions for controlled substance offenses in Marshall County, Mississippi. *See* Presentence Report at ¶¶ 25, 30, and 31. Following this Court's grant of a

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

§5K1.1 motion for reduction based on substantial assistance, the Court sentenced Cathey to a 72-month term of incarceration. *See* ECF No. 88 and 94.

Cathey filed an initial motion to vacate his federal sentence on July 1, 2014, which he later withdrew. *See* ECF No. 133 and 141. Cathey also filed a motion for sentence reduction, which the Court rejected on the basis of Cathey's designation as a career offender. *See* ECF No. 146 and 165.

On or about September 14, 2015, Cathey filed the instant § 2255 motion asking the Court to invalidate his status as a career offender based on the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2552 (2015), which held that the residual clause of the "violent felony" definition under the Armed Career Criminal Act is impermissibly vague.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for

violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Discussion

In *Johnson v. United States*, the United States Supreme Court held the "residual clause" defining violent felonies under the Armed Career Criminal Act ("ACCA") unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2552, 2563 (2015). The ACCA's residual clause defined a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Cathey argues that his sentence as a career offender should be vacated in light of *Johnson*'s holding.

Cathey was not sentenced under the ACCA, but rather, his sentence was enhanced under the career offender provision of United States Sentencing Guidelines. *See* Guideline § 4B1.1 (defining one as a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense"). The Fifth Circuit has not squarely addressed whether *Johnson*'s holding is applicable to the Guidelines, which contains within its definition of violent crimes a clause identical to the ACCA's now invalidated residual clause. *See* § 4B1.2; 18 U.S.C. § 924(e)(2)(B)(ii). The Court notes, however, that the Fifth Circuit has stated that its "precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence." *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015); *see also* Guideline §

4B1.2(a)(2).

Assuming, *arguendo*, that *Johnson*'s holding is applicable to the Guidelines and that the decision applies retroactively[2], *Johnson* is nevertheless of no help to Cathey, as his sentence was not enhanced on the basis of a violent crime. Rather, his sentence was enhanced based on his prior controlled substance convictions. The Supreme Court in *Johnson* explicitly left intact the remainder of the ACCA's definitions, holding: "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. Therefore, the decision did not address, much less impact, the definition of drug offenses. *See, e.g.*, 18 U.S.C. § 924(e)(2)(A) (defining "serious drug offense" under the ACCA). Cathey was determined to be a career offender for his controlled substance offenses, not as the result of a determination that he committed a violent felony under the residual clause of either the Guidelines or the ACCA. Accordingly, he is not entitled to relief.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Cathey must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a

---

[2] *See, e.g., Teague v. Lane*, 489 U.S. 288, 310 (1989) (holding that ordinarily, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). The Fifth Circuit has held that the *Johnson* decision does not apply retroactively. *In re Williams*, 806 F.2d 322, 326 (5th Cir. 2015). However, the United States Supreme Court has recently granted certiorari to address the issue of *Johnson*'s retroactivity. *See Welch v. United States*, No. 15-6418, 2016 WL 90594 (U.S. Jan. 8, 2016).

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that a COA should not issue in this case.

## Conclusion

In sum, the Court finds no merit to Cathey's motion [167], and it is **DENIED**. A certificate of appealability from this decision is **DENIED**. A final judgment from this decision will issue today.

**SO ORDERED**, this 3rd day of February, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**